IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NANCY FLOYD SMITH**                                                                **PLAINTIFF**

**v.**                                                     **CAUSE NO. 3:17-cv-1009 HSO-LRA**

**SIMPSON COUNTY, MISSISSIPPI**
**SIMPSON COUNTY BOARD OF SUPERVISORS; AND**
**SHERIFF DONALD O'CAIN**                                         **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT ON TITLE VII CLAIM
### BY DEFENDANT SIMPSON COUNTY, MISSISSIPPI

Plaintiff Nancy Floyd Smith alleges she was sexually harassed by Defendant Simpson County Sheriff Donald O'Cain while she was employed as a dispatcher between August, 2016 and April 6, 2017. [Doc. 1 at 2-4].

Plaintiff makes a sexual harassment claim against Defendants Simpson County, Mississippi, Defendant Simpson County Board of Supervisors and Defendant Sheriff Donald O'Cain under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment. [Doc. 1 at 4].

Defendant Simpson County asks the Court to grant it partial summary judgment on the claim Plaintiff Nancy Floyd Smith makes against Simpson County for violation of Title VII of the Civil Rights Act of 1964 because Defendant Simpson County is not Plaintiff's Title VII "employer".

### Legal Standard

A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

## Factual Summary

Plaintiff Nancy Floyd Smith on August 11, 2016, completed an application to be employed as a dispatcher with the Simpson County Sheriff's Department.  (Ex. A at Floyd 1-4).  (Plaintiff's name was Nancy Floyd when she applied for employment and during her employment as a dispatcher (Ex. A at Floyd 1-8) and when she filed her Charge of Discrimination with the EEOC [Doc. 2 at 1]).

Defendant Sheriff Donald O'Cain hired Plaintiff Smith effective August 15, 2016, and approved a starting salary of $9.90 per hour.  (Ex. A at Floyd 7).

Defendant Sheriff Donald O'Cain effective March 6, 2017, made Plaintiff Smith a full-time dispatcher and approved an increase in pay from $9.90 to $11.50 per hour.  (Ex. A at Floyd 8).

According to Plaintiff Smith, she "was compelled to resigned [sic] on April 20, 2017, because of the nature of the Sheriff's behavior and because she was given no other option." [Doc. 1 at 3].

## Argument

Defendant Simpson County is not the Title VII employer of Plaintiff Nancy Floyd Smith because it did not hire her, did not supervise or otherwise control her and did establish her wages.

> Determining whether a defendant is an "employer" under Title VII involves a two-step process. First, the court must determine whether the defendant falls within Title VII's statutory definition of an "employer." Title VII defines an

> "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ..., and any agent of such a person ...." If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant.

*Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007)(footnotes omitted), *citing and quoting*, *Deal v. State Farm County Mut. Ins. Co*., 5 F.3d 117, 118 n. 2 (5th Cir.1993) and 42 U.S.C. § 2000e(b) (2000).

For purposes of this motion, Defendant Simpson County admits that it meets Title VII's statutory "employer" definition, but it seeks summary judgment because Plaintiff cannot prove an employment relationship existed between her and the county.

> To determine whether an employment relationship exists within the meaning of Title VII, "we apply a 'hybrid economic realities/common law control test.' " The most important component of this test is "[t]he right to control [the] employee's conduct." "When examining the control component, we have focused on whether the alleged employer has the right" to hire, fire, supervise, and set the work schedule of the employee. "State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired." The economic realities component of the test focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d at 380 (footnotes omitted), *citing and quoting*, *Deal v. State Farm County Mut. Ins. Co*., 5 F.3d at 118-119 and *Calderon v. Martin County*, 639 F.2d 271, 273 (5th Cir. Unit B 1981) and *Clark v. Tarrant County*, 798 F.2d 736, 747 (5th Cir.1986).

Applying these criteria, the Court in *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458 (5th Cir. 2001) held that a sheriff, and not the county, was the Title VII employer of a deputy.

> Mississippi law allows a sheriff to appoint, remove, and fix the compensation of his deputies, subject to the county board of supervisor's approval of the sheriff's budget. See Miss.Code Ann. § 19–25–19. Sheriff Bryan was solely responsible for

>hiring, promoting, and establishing the deputies' wages. The County's only responsibility was to approve the Sheriff's budget and allocate the necessary funds. Because Sheriff Bryan was the elected official who made all decisions concerning promotions within the Sheriff's Department, he was Deputy Oden's employer for purposes of Title VII.

*Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 465 (5th Cir. 2001). *Accord*, *Miller v. Choctaw Cty. Sheriff's Dep't*, No. 1:04CV96, 2006 WL 662340, at *3 (N.D. Miss. Mar. 13, 2006)("Under Mississippi law, Sheriff McHan was [Deputy] Miller's employer, and Miller cannot seek relief under Title VII against Choctaw County.").

Since Defendant Sheriff Donald O'Cain, hired, promoted, supervised and otherwise controlled Plaintiff Smith and set her wages, Plaintiff Smith had no employment relationship with Defendant Simpson County for Title VII purposes and therefore she cannot seek relief under Title VII against Defendant Simpson County.

For these reasons, Defendant Simpson County, Mississippi asks the Court to grant it summary judgment and dismiss with prejudice the claim Plaintiff Nancy Floyd Smith makes against Defendant Simpson County under Title VII of the Civil Rights Act of 1964.

RESPECTFULLY SUBMITTED, this the 11th day of January, 2018.

**Simpson County, Mississippi**

*/s/ Robert H. Pedersen*
Robert H. Pedersen

OF COUNSEL:

Robert H. Pedersen (MSB #4084)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, MS  39205
Telephone:  601-965-1926

bpedersen@watkinseager.com

*Attorneys for Defendant, Simpson County, Mississippi*

# CERTIFICATE OF SERVICE

I, Robert H. Pedersen, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Louis H. Watson , Jr.
>Robert Nicholas Norris
>WATSON & NORRIS, PLLC
>1880 Lakeland Drive, Suite G
>Jackson, MS 39216
>601/968-0000
>Fax: 601/968-0010
>Email: louis@watsonnorris.com
>Email: nick@watsonnorris.com

*Attorneys for Plaintiff Nancy Floyd Smith*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participant:

NONE

DATED this the 11th day of January, 2018.

>*/s/ Robert H. Pedersen*
>Robert H. Pedersen

-5-